UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darnell Garrett

Write the full name of each plaintiff.

17 CV 7217

(Include case number if one has been assigned)

-against-

City of New York, Police Officer Michael McGuire #25906, Police Officer Michael Collarini #964

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

DARNELL _____ GARRETT
First Name     Middle Initial     Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

17A0288
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

MID-STATE CORRECTIONAL FACILITY
Current Place of Detention

P.O. BOX 2500
Institutional Address

MARCY          N.Y.          13403
County, City   State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced prisoner
☐ Other: _____

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _2640 8th AVENUE NEW YORK, N.Y. 10030_

Date(s) of occurrence: _SEPTEMBER 16, 2014_

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

— SEE ATTACH —

## The Facts of Incident

I was on the fifth floor of a relative complex building 2440 8th Ave standing at the window sill when I saw my friend going to the store. While he was walking to the store I yelled out, "Hey Bark get me a Dutch", two NYPD officers standing on 141st St at the exit doors of 123 Mahalia Jackson School calling out telling me "What the fuck are you yelling for," I continued to get the attention of my friend at the same time the officer continued to interrupt with verbal abusive language telling "To shut the fuck up and come downstairs". I could not get my friend attention so I headed downstairs to get the attention of my friend before he left the store. At the same time I was approach by the same officers using abusive language. Officers asked for my identification and I responded by asking "for what" and stating to them I am expressing my First Amendment right of Freedom of Speech." He still ignored my statement and asked again for my identification and I said "no" and I tried to walk the opposite direction when as soon I walk off I was aggressively taken down, punch in the face, and knee in my lower back while they were trying to place the handcuffs on me while they were tug-of-war with my arms

Because both officers was on opposite sides. Witnesses on the scene, cameras from the building was rolling and my oldest sister was on her way downstairs from my building. My sister was coming to the scene I was being place in police car. Being detain a officer pointed a taser gun. Being at when I was in the car flashing the red beam on me.

## FALSE ARREST

My 1983 claim for false arrest derives from my Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from an arrest absent of probable cause (Wayant v. Okst, 101 F.3d 845 (2d Cir. 1996). An officer has probable cause to arrest when he or she has "knowledge or reasonable trustworthy information or facts and circumstances that are sufficient to warrant a person of reasonable caution in belief that the person to be arrested has committed or is committing a crime" (Id; see also Dunaway v. New York, 442 U.S. 200 (1979)). Under New York law, a police officer may arrest an individual when the officer has probable cause to believe that the individual has committed a petty offense, including a violation, in his presence and in an geographical area of employment (see New York Criminal Procedure Laws 140.10 (2)(A); § 1.20 (39)).

Under the Fourth Amendment, a warrantless arrest is constitutionally valid if the arresting officers had probable cause to make the arrest at the time of the arrest (see Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Gerstein v. Pugh, 420 U.S. 103, 111-12 (1974); Brinegar v. United States, 338 U.S. 160, 165 (1949)). The existence of probable

cause serves as a legal justification for an arrest and an affirmative defense to a false arrest claim (see Martinez v. City of Schenectady, 97 N.Y. 2d 78 (2001).

Lack of probable cause to arrest or prosecute is an essential element of false arrest (see Rivera v. City of New York, A.D. 3d 334 (2007)).

ON SEPTEMBER 16, 2014 I DARNELL GARRETT WAS ARRESTED WITHOUT PROBABLE CAUSE FOR THE CHARGES OF RESISTING ARREST, DISORDERLY CONDUCT, AND OBSTRUCT GOVERNMENTAL ADMIN. I WAS NOT GUILTY OF ANY THESE CHARGES. THE ARRESTING OFFICERS ASKED ME FOR MY IDENTIFICATION AND I EXERCISED MY RIGHT TO WALK AWAY FROM A LEVEL 1 DEBOUR STOP. OFFICERS DID NOT HAVE REASONABLE SUSPICION TO DETAIN ME FROM ANY CRIME FOR THE PURPOSE OF INVESTIGATING MY PARTICIPATION IN CRIMINAL ACT NOR DID THEY HAVE PROBABLE CAUSE TO ARREST FOR ANY OFFENSE. I WAS UNLAWFULLY SEIZURED AND ARRESTED FOR THESE CRIMES.

## RELIEF

I SUING FOR 5 MILLION DOLLARS IN COMPENSATORY DAMAGES AGAINST THE CITY OF NEW YORK AND THE OFFICERS. I AM SUING FOR 2 MILLION DOLLARS IN PUNITIVE DAMAGES AGAINST THE INDIVIDUAL OFFICERS

## EXCESSIVE FORCE

"The Fourth Amendment protects individuals from the government's use of excessive force when detaining or arresting individuals" (Jones v. Parmley, 165 F.3d 46, 61 (2d Cir. 2006).

When determining whethers police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively unreasonable in the light of the facts and circumstances confronting them, without regard to the officers underlying intent or motivation." Id. (internal quotation marks and brackets omitted).

The Supreme Court has held: All claims that law enforcement officers have used excessive force - deadly - or not - in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard... Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it (Graham v. Connor, 490

U.S. 386, 395-96 (1989) (CITING TERRY V. OHIO, 392 U.S. 1, 22-27 (1968)).

Thus, in evaluating the reasonableness of an officer's use of force, a court should consider the specific circumstances of the case, such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he/she is actively resisting arrest..." Id at 396; ACCORD SULLIVAN V. GAGNER, 225 F 3d 161, 165 (2d CIR. 2000).

The court noted that "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgements — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation" (Id. at 396-97).

The conduct of the arresting officers was not reasonable for the following reasons: 1) Instead of instructing me to place my hands behind my back, these officers chose to slam me to the concrete without instructing me to do so, 2) Instead of placing me arrest while I was subdue, these officers chose to assault me while I was defenseless on ground, 3) Once I was handcuffed and placed in the squad car, instead of transporting to the precinct without further incident, these officers chose to threaten me with a taser gun.

These officers conduct was unreasonable and force that was used was unnecessary due to the fact that plaintiff was cooperative and did not resist nor did plaintiff fail to follow instructions given by any officers attempting to arrest the plaintiff.

VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied in forma pauperis status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

3/26/18
Dated

Plaintiff's Signature

DARNELL
First Name

Middle Initial

GARRETT
Last Name

P.O. BOX 2500
Prison Address

MARCY
County, City

N.Y.
State

13403
Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 3/27/18

Page 6

ATE CORRECTIONAL FACILITY
OX 2500
, NEW YORK 13403

DARNELL GARRETT   DIN: 17A0288

USM P3  Pro Se
SDNY   MG

Mid - State
Correctional Facility

neopost
03/28/2018
US POSTAGE $001.42⁰
ZIP 13403
041L41251108
FIRST-CLASS MAIL

CLERK
UNITED STATES DISTRICT COURT
SOUTH DISTRICT of NEW YORK
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, N.Y. 10007

10007S1316 C013